ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Sierra Club,<br><br>            Petitioner,<br><br>    v.<br><br>U.S. Environmental Protection Agency and Lee Zeldin, in his capacity as Administrator, U.S. Environmental Protection Agency,<br><br>            Respondents. | No. 20-1149 |

**Joint Response to Court's Order of August 18, 2025**

EPA requests that the Court extend abeyance here for three months, until May 4, 2026, for the agency to focus on administrative proceedings.  Sierra Club does not oppose the relief requested.

Sierra Club petitions for review of EPA's action "National Emission Standards for Hazardous Air Pollutants: Stationary Combustion Turbines Residual Risk and Technology Review," 85 Fed. Reg. 13,524 (Mar. 9, 2020).  Petition for Review (May 8, 2020).  This case has been in abeyance since June 2020, first to allow EPA to respond to Sierra Club's request for administrative reconsideration

1

and later, to undertake that reconsideration.  Orders (June 9, 2020; Sept. 13, 2020; Mar. 21, 2021; June 16, 2021; Dec. 16, 2021; Mar. 15, 2022; Apr. 12, 2022; July 10, 2024; Feb. 12, 2025; Aug. 18, 2025).  The Court also ordered the parties to file motions to govern further proceedings by today.  Order (Aug. 18, 2025).

In March 2022, EPA published a final rule to address one of the issues raised in Sierra Club's reconsideration petition.  87 Fed. Reg. 13,183 (Mar. 9, 2022).  EPA's administrative reconsideration, however, remains ongoing.  In December 2024, EPA received additional data from regulated sources and is reviewing that data.  *See, e.g.*, EPA's Unopposed Mot. to Extend Abeyance (Aug. 1, 2025).

Meanwhile, in April 2024, EPA denied a petition by regulated entities to delist the Stationary Combustion Turbine source category from the list of major sources of hazardous air pollutants subject to regulation under the Clean Air Act.  89 Fed. Reg. 26835 (Apr. 16, 2024).

**EPA's statement on extending abeyance**

In November 2025, EPA met with regulated entities to discuss the denial of their delisting petition.  EPA understands that those sources plan to submit a new delisting petition.  Should EPA grant that petition—that is, if EPA concludes that the Stationary Combustion Turbine source category should no longer be subject to national emission standards for hazardous air pollutants—then it would make no sense for the agency to continue reconsideration on the issues in Sierra Club's

petition.  EPA has thus paused its reconsideration pending its decision on the forthcoming delisting petition.

Under these circumstances, abeyance would preserve the resources of the parties and of the Court, especially at this early stage of litigation, when EPA has not yet filed the certified index to the administrative record.

**Sierra Club's statement on extending abeyance**

Sierra Club agreed to holding this case in abeyance so that EPA could evaluate its petition for reconsideration of the 2020 Rule under review, and the Court held the case in abeyance for this purpose. *See* EPA's Unopposed Motion to Hold Case in Abeyance, Doc. #1845595; Order of June 9, 2020, Doc. #1846411. EPA now states that it wishes to keep this case in abeyance for a different reason, to evaluate another petition to delist the entire category of stationary combustion turbines. In 2024, after considering the previous delisting petition for almost five years, EPA denied it with prejudice. 89 Fed. Reg. 26835 (April 16, 2024).

Now that EPA has resolved one of the two issues raised in Sierra Club's petition for administrative reconsideration, this case addresses the remaining issue: EPA's refusal to set limits for listed hazardous air pollutants that stationary combustion turbines emit. *Compare* EPA-HQ-OAR-2017-0688-0139 at 60-61 *with Louisiana Environmental Action Now v. EPA*, 955 F.3d 1088, 1096-1098 (D.C. Cir. 2020). Although Sierra Club does not oppose holding this case in abeyance for

one more 90-day period, it does not believe that EPA's desire to entertain another delisting petition justifies further delay of judicial review or setting the statutorily-required emission limits for these pollutants. Accordingly, Sierra Club reserves the right to oppose any further abeyance and to move for a briefing schedule.

*     *     *

EPA thus asks the Court to extend the abeyance for three months, with a motion to govern due on May 4, 2026.

Submitted on February 2, 2026.

*/s/ Sue Chen*
Sue Chen
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0283
Sue.Chen@usdoj.gov

*Counsel for EPA*


*/s/ James S. Pew*
James S. Pew
Earthjustice
1400 L St NW, Lobby 2
Unit 34117
Washington, DC 20005
(202) 667-4500
jpew@earthjustice.org

*Counsel for Sierra Club*

4

## Certificates of Compliance and Service

I certify that this motion complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 634 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on February 2, 2026, I filed this motion using the Court's CMS/ECF system, which will notify each party.

    /s/ Sue Chen
Sue Chen
